JEREMY JONES, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 273, 2008.
Supreme Court of Delaware.
Submitted: November 11, 2008.
Decided: December 10, 2008.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 10th day of December 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On December 10, 2007, the appellant, Jeremy Jones, was charged by Information with one count of Rape in the First Degree, two counts of Rape in the Second Degree, and one count of Assault in the Third Degree. Prior to trial, the State entered a nolle prosequi on one count of Rape in the Second Degree and the count of Assault in the Third Degree.
(2) On March 13, 2008, a Superior Court jury convicted Jones of one count of Rape in the First Degree and one count of Attempted Rape in the Second Degree. On May 9, 2008, the Superior Court sentenced Jones to a total of forty years at Level V suspended after twenty-five years mandatory for decreasing levels of supervision and probation. This appeal followed.
(3) On appeal, Jones' appellate counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Rule 26(c).[1] The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that Counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]
(4) Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Counsel states that he provided Jones with a copy of the motion to withdraw, the accompanying brief and the trial transcript and advised Jones that he had a right to supplement Counsel's presentation. Jones did not submit any points for this Court's consideration. The State has responded to the position taken by Counsel and has moved to affirm the Superior Court's judgment.
(5) This Court has reviewed the record carefully and has concluded that Jones' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Jones could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] The record reflects that Jones was represented by a different assistant public defender at trial.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Id.